UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES BUTLER, | ) | CASE NO. 1:08 CV 132 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MANAGEMENT | ) | AND ORDER |
| TRAINING CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 16, 2008, pro se plaintiff James Butler filed the above-captioned action
under 42 U.S.C. § 1983 against Management Training Corp. ("MTC"), Ohio Department of
Rehabilitation and Correction ("ODRC") Director Terry Collins, Lake Erie Correctional Institution
("LECI") Unit Sergeant Denise Cox, Rules Infraction Board ("RIB") Chairperson Sergeant
Obeshaw, First Correction Medical ("FCM") Health Care Administrator Donna Teare, FCM
Physician Victor Goble, FCM Physician Robert George, FCM Physician Jane Owen, FCM
Registered Nurse Suzette Burr, and LECI Segregation Officer Franklin Morton.  In the complaint,
plaintiff asserts numerous claims pertaining to injuries he sustained when he fell from his bunk.
He seeks $10,550,000.00 in compensatory damages, additional punitive damages and injunctive
relief.

## Background

Mr. Butler is incarcerated in LECI which is owned and operated by MTC.  All medical services at the prison are supplied under contract by FCM.

During a routine head count on Janaury 31, 2007, Sergeant Cox ordered Mr. Butler to remove his bedding and mattress and sit on his bunk.  Mr. Butler balked at the order and questioned the safety of sitting on the metal springs.  Sergeant Cox repeated the order and plaintiff complied.  Mr. Butler states that in his effort to get onto his top bunk, he fell to the floor and sustained injuries to his back and left leg.  He spent the evening in the medical unit.

The extent of Mr. Butler's injuries was a source of controversy between Mr. Butler and the medical department.  Dr. Goble was ill the night Mr. Butler arrived in the medical unit and was not present to take x-rays or examine him.  After a night of observation in the medical unit, Mr. Butler was released to his cell on February 1, 2007.  He continued to complain of pain symptoms, and on February 2, 2007 was issued crutches.  When he reported to sick call on February 5, 2007, Nurse Burr refused to give him additional pain medication because Mr. Butler would not use the crutches. Mr. Butler claims he attempted to use the crutches in order to obtain the medication, and fell.  He contends that the nurse gave him the pain medication but accused him of faking his injury. Mr. Butler was given an appointment with Dr. Goble on February 7, 2008.  X-rays of plaintiff's leg and back were taken, and apparently revealed no visible injuries.  He was prescribed muscle relaxers and returned with crutches to the general population.  His request for a referral to an expert was denied.

Two months later, Mr. Butler's bottom bunk restriction was removed.  He claims "[Nurse] Teare in concerted [sic] with Cox ordered Dr. Goble to revoke plaintiff's bottom bunk

2

restriction." (Compl. at 7.) He contends on his first night in his top bunk, he was unable to get out of bed to use the restroom and urinated on himself. Several nights later, Mr. Butler fell out of bed and hit his head on his foot locker. He lost consciousness and was taken to University Hospitals for treatment. During his hospitalization, a toxicology screening revealed a large amount of barbiturate in plaintiff's blood. On his return to prison, Mr. Butler was charged with possession of a controlled substance. He denied the charges and claimed that medical personnel injected him with the illegal drug while he was unconscious in his cell following his fall. He was found guilty of the charges and sentenced to time in segregation and loss of good time credits.

Thereafter, a dispute arose over Mr. Butler's continued use of a wheelchair. Mr. Butler contends that Officer Morton brought him a wheelchair on the orders of the medical department; however, he states that Officer Morton now denies his role in procuring the wheelchair. Mr. Butler states that "Sergeant Cox in concerted action with fourth defendant, Teare, and Dr. Owen who replaced Goble, sequested [sic] plaintiff to medical unit and took the wheelchair from the plaintiff" in retaliation for writing a letter to the Justice Department concerning his conditions of confinement. (Compl. at 9.) Mr. Butler, who at that point had been in the wheelchair for 46 days, refused to relinquish it and was placed in segregation. He responded by going on a 13 day hunger strike, demanding release to the general population with his wheelchair, and demanding to be transported outside the prison to see a specialist. He claims "Dr. Robert A. George, who has never personally examined Plaintiff, stated to Chief Inspector of ODRC that Butler is malingering." (Compl. at 9.) His demands were refused. He claims he was unable to attend the RIB hearing without the wheelchair, and it was held in his absence. He was found guilty of the charges and was held in segregation for three months.

Mr. Butler asserts nine causes of action.  In his first cause of action, he claims that MTC violated his Eighth and Fourteenth Amendment rights by failing to provide him with "humane condition [sic] of confinement free from bodily harm, harassment and retaliation." (Compl. at 12.) He further claims that MTC failed to correct his mistreatment by its agents.  In his second cause of action, he claims that ODRC Director Terry Collins failed to intervene or investigate his complaint and rectify the problem.  His third cause of action is directed against Unit Sergeant Denise Cox. He states that she "spearheaded and engaged in a concerted action with other defendants to deprived [sic] plaintiff of his constitutional rights." (Compl. at 13.)  He states that she retaliated against him for exercising his right to redress "in the form of witch-hunting deprivation of privileges and other ill treatment stated in this complaint." (Compl. at 13.)  Plaintiff's fourth claim is directed against RIB Chairperson Sergeant Obeshaw.  He asserts that he was denied due process at his RIB hearings. The fifth cause of action is asserted against the Health Care Administrator, Donna Teare.  He contends that Ms. Teare violated his Eighth Amendment rights by depriving him of his wheelchair, injecting him with barbiturates, and refusing to refer him to an expert.  He further claims she retaliated against him.  Plaintiff's sixth cause of action is asserted against Dr. Goble and Dr. George. He claims these defendants were deliberately indifferent to his serious medical needs by failing to refer him to specialists and by injecting him with barbiturates.  His seventh cause of action is asserted against Dr. Owen.  He claims she "failed to treat plaintiff of his injury, revoked his living privileges and subjected Plaintiff to unreasonable treatment." (Compl. at 16.)  The eighth cause of action is asserted against Nurse Burr.  He claims she backdated his receipt for crutches from February 2 to February 1, 2007 and conspired with others to accuse him of being in possession of barbiturates.  Finally, Mr. Butler's ninth cause of action is directed against Officer Morton.  He

claims the officer conspired with others to deny him a wheelchair.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

### A. MTC and Terry Collins

Mr. Butler bases his claims against MTC and Mr. Collins their failure to properly supervise their employees. It is well established that §1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability must lie, therefore, upon more than a mere right to control employees and cannot rely on simple negligence. Id. In order for liability to attach to either MTC or Mr. Collins, Mr. Butler must prove that they did more than play a passive role in the

---

[1]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

alleged violations or show mere tacit approval of the activities.  Id. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors.  Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995).  The complaint contains no allegations of actions in which MTC or Mr. Collins personally engaged.  The claims against these defendants in Counts one and two must be dismissed.

### B. Eighth Amendment

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  To establish that certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 298 (1991), a plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  Id.  Seriousness is measured in response to "contemporary standards of decency."  Hudson v. McMilian, 503 U.S. 1,8 (1992).  The Eighth Amendment affords protection against extreme conditions of confinement which pose obvious and serious health threats, but not against those which cause mere discomfort or inconvenience. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation).  Inmates "cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988); see Thaddeus-X v. Blatter,175 F.3d 378, 405 (6th Cir. 1999).  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  Hudson, 503 U.S. at 9.  In addition, the plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  Id.  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious

disregard of a substantial risk of serious harm. <u>Id.</u> at 837. Mere negligence will not suffice. <u>Id.</u> at 835-36. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Mr. Butler's claim against Sergeant Cox fails meet the objective criterion. The only factual allegations against Sergeant Cox in the complaint pertain to her order that Mr. Butler strip the bedding off of his bunk during the routine head count and sit on the metal frame. This request does not present the type of serious deprivation which triggers Eighth Amendment protections.

Similarly, he claims that when he was questioned, Officer Morton denied his role in providing Mr. Butler with a wheelchair. Denying knowledge of an order from the medical department to give Mr. Butler a wheelchair does not equate with denying medical care. In fact, Mr. Butler alleges received a wheelchair while in segregation and contends that the decision to take the wheelchair away from him was made other defendants 46 days later. There are no allegations in the complaint which reasonably suggest that Officer Morton was deliberately indifferent to plaintiff's serious medical needs or subjected him to cruel and unusual punishment.

Finally, the only allegations in the complaint which pertain to Dr. George concern a statement that he made to the ODRC Chief Inspector indicating that Mr. Butler was malingering. There are no other allegations in the complaint which are reasonably associated with Dr. George. Merely reporting his opinion to an ODRC grievance official, alone, is not sufficient to state a claim under the Eighth Amendment.

C.  <u>Due Process</u>

Mr. Butler asserts that Sergeant Obeshaw, the Chairperson of the RIB committee,

denied him due process at his two disciplinary hearings.  The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.  To prevail on a claim for denial of due process, the plaintiff must, as an initial inquiry, establish the existence of a constitutionally cognizable liberty or property interest with which the state has interfered.  Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  There are no facts presented in the complaint that would reasonably suggest that the time plaintiff spent in disciplinary confinement presented the type of atypical and significant hardship which would give rise to a liberty interest protected by the Due Process Clause.  Id. at 485.

## D. Conspiracy

Conspiracy claims must be pled with some degree of specificity.  Vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987); see, e.g., Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory"). A plaintiff must set forth sufficient factual allegations to link the alleged participants in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of

8

the minds). Mr. Butler's conspiracy claims are stated only as legal conclusions with no factual allegations to support them.  His conspiracy claims against all of the defendants must be dismissed.

### E.  False Disciplinary Charges

Mr. Butler also claims that false disciplinary charges were filed against him in connection with the barbiturates found in his blood during his hospitalization.  Upon his return to prison, he was given a conduct report for possessing drugs.  He denies ingesting the drugs and claims the doctors and nurses at LECI injected him with the barbiturates while he was unconscious. The RIB found Mr. Butler guilty of the charges and sentenced him to fifteen days in segregation, loss of privileges and loss of good time credits.  Mr. Butler disputes this result.  To the extent that the duration of Mr. Butler's sentence was affected by the disciplinary action, he may not challenge it with a § 1983 action.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. Id. at 646. A prisoner found guilty in a prison disciplinary hearing cannot use a civil rights action to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction if it threatens any consequence for the plaintiff's conviction or the duration of his sentence.  Muhammad v. Close, 540 U.S. 749, 754-55 (2004)(Heck does not apply if the prisoner's lawsuit does not). In this case, the consequences of Mr. Butler's disciplinary hearing included loss of good time credit.  Because its outcome affects the duration of Mr. Butler's sentence, he cannot attack the result in a § 1983 action.

### F.  Failure to State a Claim

9

Finally, Mr. Butler's claims against Suzette Burr are also dismissed.  He states that Nurse Burr "acted in concerted action with others to back date document for crutches... ." (Compl. at 16.)  Mr. Butler, however, gives no indication of the constitutional right that may have violated, and none is apparent on the face of the complaint.  Principles requiring generous construction of pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which he intends to this claim.

## Conclusion

Accordingly, all of the plaintiff's claims against Management Training Corp, Terry Collins, Sergeant Obeshaw, Robert George, Suzette Burr, and Franklin Morton are dismissed

pursuant to 28 U.S.C. § 1915(e).  His Eighth Amendment claim against Denise Cox, his conspiracy claims against all defendants and his claims pertaining to the disciplinary hearings are dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This action shall proceed solely on Mr. Butler's Eighth Amendment claims against Donna Teare, Victor Goble, and Jane Owen, and his retaliation claims against Denise Cox, Donna Teare, and Dr. Owen.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants**.**

IT IS SO ORDERED.

 */s/Dan Aaron Polster 4/25/08*          
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2]       28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

11